UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GS HOLISTIC LLC,

      Plaintiff,                            Case No. 2:24-cv-12230

v.                                                Honorable Susan K. DeClercq
                                                      United States District Judge
EXOTICS CLOUDZ 2 INC et al.,

      Defendants.
_____/

## ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE AND EXTENSION OF TIME TO PERFECT SERVICE (ECF No. 10)

On August 26, 2024, Plaintiff GS Holistic LLC sued Defendants Exotics Cloudz 2 Inc. and Sami Alzokary for (1) trademark infringement and (2) false designation of origin and unfair competition. ECF No. 1. GS Holistic personally served Exotics Cloudz 2 on September 19, 2024. ECF No. 5. But despite several attempts in October and November 2024 to personally serve Alzokary at multiple addresses, GS Holistic was unable to effectuate service upon Alzokary. ECF No. 6 at PageID.71–72.

On December 10, 2024, GS Holistic moved for additional time to perfect service upon Alzokary. ECF No. 6. This Court granted that motion under Civil Rule 4(m), giving GS Holistic until January 9, 2025, to complete service. ECF No. 7.

On January 9, 2025, GS Holistic again moved for an extension of 45 days to perfect service on Alzokary. ECF No. 8. This Court granted that motion too, giving GS Holistic until February 24, 2025, to complete service. ECF No. 9.

On February 24, 2025, GS Holistic moved for a third extension of time to serve Alzokary and for alternative service. ECF No. 10.

Specifically, Plaintiff seeks permission to perfect service upon Alzokary in the following ways:

1. Posting copies of the Summons, Complaint, and Order Granting Plaintiff's Motion for Alternative Service on the front door of the business Defendant EXOTICS CLOUDZ 2 INC.'s registered agent's location at the 12974 Dix Toledo Road, Southgate, Michigan 48195, and Alzokary's last known address at 12211 Tall Grass Circle Apt 211, Stow, OH 44224;

2. Leaving copies of the above with any responsible adult at those locations; and

3. Sending copies of the above by certified and regular mail to both locations at which the documents will be posted.

ECF No. 10 at PageID.96–97.

In a federal proceeding, an individual may be served by 'following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.'" *Moseley v. Regency Transp.*, 525 F. Supp. 3d 823, 825 (E.D. Mich. 2021) (quoting FED. R. CIV. P. 4(e)(1)). In Michigan, a resident or nonresident person may be served by:

  1. delivering a summons and a copy of the copy to the defendant personally; or

  2. sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. R. 2.105(A). If a party shows that "service of process cannot reasonably be made as provided by [these rules]," then the court may exercise its discretion with an order to permit service of process "in any other manner reasonably calculated to give the defendant actual notice of the proceeding and an opportunity to be heard." Mich. Ct. R. 2.105(J)(1). Such service includes email, publication, or posting the summons and complaint on the door of defendant's address. *See Reyes-Trujillo v. Four Star Greenhouse, Inc.*, No. 5:20-CV-11692, 2021 WL 534488, at *4 (E.D. Mich. Feb. 12, 2021). Leave for alternate service requires "(1) that service cannot be made by the prescribed means, and (2) that the proposed alternate method is likely to give actual notice." *Moseley*, 525 F. Supp. 3d at 825 (quoting *Krueger v. Williams*, 300 N.W.2d 910, 916 (Mich. 1981).

  Plaintiff has demonstrated that service cannot be made by personal service. *See* ECF No. 14 at PageID.220–21. And Plaintiff's alternate -service proposals are likely to provide actual notice to Alzokary. In particular, Plaintiff attached five affidavits from process servers, one of which attested that an employee of Exotics

Cloudz 2 stated that Alzokary usually works at the "Dix[] store in Southgate." ECF No. 10-1 at PageID.103. Further, Alzokary— Exotics Cloudz 2's registered agent— listed the company's Dix Toledo Road store as *his* address in the company's most recent corporate filing with the State of Michigan. ECF No. 10-2 at PageID.105. Taken together, these facts suggest alterative service on this location and Alzokary's last known residential address is reasonably likely to give actual notice. Having satisfied its burden, Plaintiff's motion will be granted.

Plaintiff will be directed to perfect service by (1) USPS certified and first-class mail to Alzokary's last-known residential address and the Exotics Cloudz 2 Inc.'s registered agent's address; (2) posting service at each address; and (3) by leaving service documents with any responsible adult at these locations. *See* Mich. Ct. R. 2.106(D).

And Plaintiff will be granted additional time to provide an "appropriate period" of time to complete alternate service. FED. R. CIV. P. 4(m) (allowing extension of deadline for good cause); *see also Kyles v. Cnty. of Oakland*, No. 2:22-CV-12973, 2023 WL 2307874, at *3 (E.D. Mich. Mar. 1, 2023) (granting extension because plaintiff made "colorable efforts" to locate and to serve defendant). The summons in this case was issued on August 27, 2024, and was required to be served within 90 days, by November 25, 2024. FED. R. CIV. P. 4(m). The prior extensions gave GS Holistic until January 9, 2025, and February 24, 2025, respectively, to serve

Alzokary. ECF Nos. 7; 9. GS Holistic will have until April 18, 2025, to effectuate alternative service on Alzokary.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Alternate Service and Extension of Time, ECF No. 10, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff is **DIRECTED** to effectuate service upon Defendant Sami Alzokary, **on or before April 18, 2025**, by (1) USPS certified and first-class mail to his last-known residential address and the EXOTICS CLOUDZ 2 INC.'s registered agent's address; (2) posting service at both of those addresses; and (3) by leaving service documents with any responsible adult at those addresses.

**This is not a final order and does not close the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: March 24, 2025