UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GS HOLISTIC LLC,

        Plaintiff,

v.

EXOTICS CLOUDZ 2 INC., d/b/a
EXOTIC CLOUDZ, and SAMI
ALZOKARY,

        Defendants.
_____/

Case No. 2:24-cv-12230

Honorable Susan K. DeClercq
United States District Judge

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 23)

This case is one of over two dozen virtually identical cases filed in this district by Plaintiff GS Holistic, LLC ("GS Holistic") over the sale of products allegedly infringing upon its "Stündenglass" trademarks. GS Holistic is suing Defendants Exotics Cloudz 2 Inc. ("Exotic Cloudz"), a retail smoke shop, and its owner, Sami Alzokary, for allegedly selling a gravity infuser with counterfeit Stündenglass trademarks. ECF No. 1. GS Holistic now seeks default judgment, and for the reasons provided below, this Court will grant in part and deny in part the request.

## I. BACKGROUND

Plaintiff GS Holistic is Delaware limited liability company that is the registered owner of four Stündenglass-related trademarks. ECF No. 1 at PageID.2,

4. "Stündenglass" is a brand well-known for making innovative high-quality products "such as Gravity Infusers and accessories related thereto" with "a painstaking attention to detail." *Id*. at PageID.3. Because of its international recognition for its high-quality production, GS Holistic can command a higher price "for genuine Stündenglass products." *Id*. at PageID.7. GS Holistic sells its Stündenglass products "to authorized stores," of which Defendant Exotic Cloudz is not. *Id.* at PageID.2–3, 8.

On July 11, 2023, an investigator for GS Holistic purchased from Defendants' store a glass infuser with three Stündenglass trademarks for $300—significantly less than the $599.95 retail price for a genuine Stündenglass infuser. *Id* at PageID 6, 10, 13. Accordingly, GS Holistic determined that Defendants were offering a product for sale with counterfeit Stündenglass marks without GS Holistic's consent. *Id*. at PageID.8, 13.

Therefore, on August 26, 2024, GS Holistic filed suit against Defendants for false designation of origin and trademark counterfeiting and infringement. *Id.* at PageID.15–18.

After several extensions to perfect service, ECF Nos. 6–11, GS Holistic used a process server to personally serve both Defendants on April 16, 2025. *See* ECF Nos. 12–18. By August 8, 2025, Defendants had not responded, so GS Holistic

requested clerk's entries of default against all Defendants, ECF Nos. 19; 20, which were entered on August 11, 2025, ECF Nos. 21; 22.

Now, GS Holistic moves for default judgment, seeking $150,000 in statutory damages and $3,172 in costs. ECF No. 23 at PageID.149–50.

## II. LEGAL STANDARD

Civil Rule 55 "governs the entry of judgment by default." *Allstate Ins. Co. v. Cantrell Funeral Home Inc.*, 506 F. Supp. 3d 529, 540 (E.D. Mich. 2020). District courts may enter default judgment against a party who has "failed to plead or otherwise defend" an action and against whom the Clerk of the Court has entered a default. *See* FED. R. CIV. P. 55(a), (b)(2); *see also Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006) *adopting report and recommendation* ("When a defendant is in default, the well pleaded factual allegations in the Complaint, except those relating to damages, are taken as true.").

Yet a plaintiff seeking default judgment under Civil Rule 55(b) is not entitled to that judgment as of right. *Id.* (citing 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 2685 (3d ed. 1988)). Courts must "exercise sound judicial discretion" in deciding if default judgment is proper. *Id.* The plaintiff must also meet certain procedural requirements, including that the court has jurisdiction. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108–09 (6th Cir. 1995).

- 3 -

Indeed, before granting a motion for default judgment, this Court must ensure that (1) it has both subject-matter jurisdiction over the claim and personal jurisdiction over the defendant, (2) the defendant was properly served, (3) the defendant has failed to appear and to defend, and (4) the plaintiff is entitled to the relief sought. *See Marelli Auto. Lighting v. Indus. BM de Mex.*, No. 2:20-10331, 2021 WL 5121273, at *1–2 (E.D. Mich. Nov. 4, 2021) (citations omitted).

### III. DISCUSSION

### A. Procedural Requirements

"To obtain entry of a default judgment, the movant must first show that the court has jurisdiction over the case and the party subject to the judgment." *Id.* at *2. Because default has been entered, the defaulting party is deemed to have admitted all the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments." *Ford Motor Co.*, 441 F. Supp. 2d at 846 (citation omitted). Therefore, as alleged in the complaint, this Court has subject-matter jurisdiction over the case under 28 U.S.C. § 1331 and § 1338(a) because this case involves claims under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, a federal statute. *See* ECF No. 1 at PageID.1. In addition, this Court may exercise personal jurisdiction exists over all Defendants as they are all citizens of Michigan. *See id*. Accordingly, the jurisdiction requirement is satisfied. *See Marelli*, 2021 WL 5121273, at *1.

- 4 -

GS Holistic also satisfies the service requirement because it properly effected service on Defendants by personally serving them. *See* ECF Nos. 12–18; *see also* FED. R. CIV. P. 4; 55(b)(2); *Ford Motor Co.*, 441 F. Supp. 2d at 844–47. Specifically, on April 16, 2025, GS Holistic served the summons and a copy of its complaint on all Defendants by personal service as was allowed by this Court. *See* ECF No. 12–18; *see also* ECF No. 11 (granting a motion for alternative service and additional time to perfect service). Despite this, neither Defendant filed an answer or otherwise appeared. Accordingly, the clerk's entries of default entered on August 11, 2025, ECF Nos. 21-22, were appropriate in light of Defendants' failure to respond. *See Ford Motor Co.*, 441 F. Supp. 2d at 847–48. Indeed, default must be entered if a party fails to plead or otherwise to defend. *See* FED. R. CIV. P. 55(a). And in the months since the clerk's entries of default were entered against Defendants, still no Defendant has appeared. Thus, the procedural prerequisites for default under Civil Rule 55(a) have therefore been satisfied. *See id.*; *see also Marelli*, 2021 WL 5121273, at *2.

### B. Plaintiff's Entitlement to Relief

Having met the procedural requirements, this Court must next determine whether GS Holistic is entitled to the relief sought, pursuant to seven specific factors. *See Russell v. City of Farmington*, 34 F. App'x 196, 198 (6th Cir. 2002). Upon review of the factors, and taking the allegations of complaint as true—except those relating

to the amount of damages—this Court finds that GS Holistic is entitled to its sought relief. When considering whether entering default judgment is appropriate, courts consider equity and fairness espoused in the following factors:

> 1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits.

*Id.* at 198.

The first factor heavily favors GS Holistic. Indeed, GS Holistic conducted an investigation and determined that a counterfeit item with its trademarks were sold by Defendants. ECF No. 1 at PageID.8, 13. And Defendants have failed to enter an appearance or respond in any way to this lawsuit, which is clearly and significantly prejudicial to GS Holistic because it leaves GS Holistic with no other way to resolve its claim other than to obtain a default judgment. *See Marelli*, 2021 WL 5121273, at *2 (finding that this factor weighed in the plaintiffs' favor "who have made all reasonable efforts to litigate their claim and involve [the defendant] in the judicial process").

For the second and third factors, GS Holistic's complaint is sufficient with claims that likely have merit. The complaint clearly lays out its right to the Stündenglass marks and Defendant's sale of an item containing such three of the marks at a price that is far below the price point for a genuine product. *See generally* ECF No. 1. Thus, Defendants' acts likely constitute willful trademark infringement,

and false designation of origin, in violation of the Lanham Act. *See id.* Indeed, GS Holistic has prevailed at trial in several other similar cases in other districts. *See* ECF No. 23 at PageID.149-150.

For the fifth factor, given Defendants' failure to respond, there is no indication of disputed material facts at this juncture. *See Ford Motor Co.*, 441 F. Supp. 2d at 846 (stating that the defaulting party effectively admits as true the complaint's allegations when the party fails to respond). GS Holistic's factual allegations are uncontested, and the evidence supports them. *See id.* And Defendants had ample opportunity to present disputes but chose not to engage. *See* ECF Nos. 12–18.

Moreover, considering the sixth factor, no evidence suggests Defendants defaulted due to excusable neglect because service of process was executed correctly, ensuring that Defendants were properly notified of the proceedings. *See id*. The absence of Defendants' response and engagement suggests a willful decision to ignore the lawsuit. *See Marelli*, 2021 WL 5121273, at *2 (finding that this factor weighed in the plaintiffs' favor because a defendant failing to respond despite being properly served suggests a willful refusal to participate).

Although pursuant to the seventh factor there is a general preference for decisions on the merits, this preference does not override the necessity of enforcing procedural rules and ensuring that plaintiffs can obtain relief when defendants fail to participate. *See Toler v. Glob. Coll. of Nat. Med.*, No. 13-10433, 2016 WL 67529,

at \*9 (E.D. Mich. Jan. 6, 2016); *see also Cunningham v. Acct. Processing Grp.*, No. 2:21-cv-00120, 2022 WL 900618, at \*4 (S.D. Ohio Mar. 28, 2022) ("Where trial on the merits is not attainable, however, courts recognize that this policy preference must yield to the needs of litigants actually before them."). Accordingly, the merits of this case, as presented through GS Holistic's uncontested allegations and supporting evidence, justify the entry of a default judgment. *See Toler*, 2016 WL 67529, at \*9 (finding that "[i]n light of the persistent non-responsiveness of Defense Counsel . . . . [e]ffective judicial administration requires that at some point disputes be treated as finally and definitively resolved." (internal quotation marks and citation omitted)).

Based on these factors, GS Holistic is entitled to default judgment. *See id.* Thus, this Court will proceed to evaluate the amount of damages and costs requested by GS Holistic. *See Antoine*, 66 F.3d at 110 ("If the District Court determines that [the defendants] should be bound by the default judgment, this does not resolve the issues relating to damages.").

### C. Damages and Costs

Although well-pleaded factual allegations in a complaint are taken as true when a defendant is in default, damages are not. *Ford Motor Co.*, 441 F. Supp. 2d at 848 (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)). Under Civil Rule 55(b)(2), the district "court may conduct hearings . . . to determine the [applicable] amount of

- 8 -

damages" or "establish the truth of any allegation by evidence." FED. R. CIV. P. 55(b)(2). Having carefully reviewed the record and noting that GS Holistic does not seek a hearing, this Court finds that no hearing on the motion is necessary. *See* E.D. MICH. LR 7.1(f)(2).

Here, GS Holistic is seeking statutory damages available under the Lanham Act, which provides for an award of "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. §1117(c)(1). Where willfulness is demonstrated, a maximum award of $2,000,000 per counterfeit mark per type of good sold may be awarded. 15 U.S.C. §1117(c)(2). Additionally, a plaintiff who proves a violation of a registered trademark is entitled to recover its profits and any damages sustained. 15 U.S.C. § 1117(a). Furthermore, "in a case involving use of a counterfeit mark . . . the court shall, unless the court finds extenuating circumstances, enter judgment for three times such profits or damages, whichever amount is greater." 15 U.S.C. § 1117(b).

"Several courts have found statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringer's control and is not disclosed." *GS Holistic LLC v. Mellow Tobacco & Vape, LLC*, No. 24012074, 2025 WL 2085913, at *5 (E.D. Mich. July 24, 2025) (quoting *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 882 (S.D. Ohio 2007)); *see*

*also Tommy Hilfiger Lic., Inc. v. Goody's Fam. Clothing, Inc.*, No. 1:00-CV-1934, 2003 WL 22331254, at *28 (N.D. Ga. May 9, 2003) ("Infringer nondisclosure during fact-finding sometimes leaves actual damages uncertain . . . accordingly, statutory damages are most appropriate where there is little to no evidence of a counterfeiters' profits.").

Because Defendants have not appeared in this case, there is no evidence of their profits; so statutory damages are more appropriately awarded. *See Mellow Tobacco*, 2025 WL 2085913, at *2–5. However, GS Holistic has not carried its burden to show that a statutory damage award of $50,000 per mark is just in this case. *See id.* at *3 (finding that the Court "was not convinced, based on GS [Holistic's] motion for default judgment, that $150,000 in statutory damages was 'just' as is required under § 1117(c) of the Lanham Act"). Instead, this Court agrees with, incorporates, and adopts the thorough reasoning on the issue of damages set forth by United States District Judge Laurie Michelson in her July 24, 2025 Order in *GS Holistic LLC v. Mellow Tobacco & Vape, LLC*, No. 24-12074, 2025 WL 2085913, at *2–6 (E.D. Mich. July 24, 2025) (Michelson, J.).

Here, as in *Mellow Tobacco*, GS Holistic is seeking $50,000 per trademark, for a total of $150,000 for the three marks contained on the gravity infuser purchased as part of GS Holistic's investigation. ECF No. 23 at PageID.129–30. Under the Lanham Act, $50,000 per trademark is permissible, and some courts, including here

- 10 -

in Michigan, have awarded that amount to GS Holistic in similar cases. *See Mellow Tobacco*, 2025 WL 2085913, at *3 (collecting cases); *see also, GS Holistic LLC v. Savana Smoke Shop, Inc. & Haythem Kesto*, No. 2:24-CV-12257 (E.D. Mich. Sept. 16, 2025) (Gray, J.) (collecting cases). However, other courts have awarded significantly lesser amounts—$5,000 to $10,000 per mark—based on, *inter alia*, the small size of the defendants' stores, the lack of warning by GS Holistic about the defendants' infringing activity, the lack of evidence that the infringing products were being sold on a significant scale, and a lack of evidence of willful behavior. *See GS Holistic, LLC v. In & Out 423 Inc.*, No. 23-11910, 2024 WL 3221413, at *4 (E.D. Mich. May 23, 2024) (Berg, J.) (awarding $5,000 per mark for a total of $15,000 in a downward departure from the requested $150,000); *see also GS Holistic, LLV v. 616 W., LLC*, No. 23-1261, 2024 WL 4343445, at *3 (W.D. Mich. Sept. 30, 2024) (Jarbou, J.) (awarding $30,000 instead of the requested $150,000).

Even taking the facts as alleged in the complaint as proven, this case involves a single store that sold one infringing product, without any warning by GS Holistic about the potential infringing conduct prior to filing suit. *See* ECF No. 1. Thus, these facts support a lower statutory award amount. *See In & Out 423*, 2024 WL 3221413, at *4 (reducing statutory damages because the defendant was a small local store without receiving prior warnings from GS Holistic about its infringement); *see also 616 W.*, 2024 WL 4343445, at *3 (same). But given that Defendants sold the

infringing product at a price that was significantly lower than the price for a genuine Stündenglass product, this does make it more likely that Defendants knew the product was counterfeit. *See 616 W. LLC*, 2024 WL 4343445, at *3 (awarding less than the requested amount but more than $5,000 per mark because "it is more likely Defendants would have known that the product was not genuine" in light of the significantly cheaper price). And so, this supports a slightly larger award for willfulness. *See id.*

Accordingly, this Court finds that a statutory damages award of $15,000 per mark, for a total of $45,000 is appropriate in this case. *See id.* This amount is sufficient to justify the costs of litigation and enforcement and deter future violations. *See Mellow Tobacco*, 2025 WL 2085913, at *5 ("This award of $15,000 per mark, as opposed to $5,000 or $10,000 per mark . . . is also sufficient to justify the costs of litigation and enforcement, thus serving the important purposes of protecting the trademark holder's property in its marks and deterring Lanham Act violations.").

Moreover, GS Holistic is entitled to recover its costs in prosecuting this action. *See id.*; *see also* 15 U.S.C. § 1117(c) (entitling a successful plaintiff to recover "the costs of the action" with equitable consideration). According to the declaration of their attorney, it incurred costs of $3,172.00, consisting of the filing fee ($402.00), the process server fee ($2,405.00), and its investigation fees ($365.00). ECF No. 23-

1 at PageID.156. Thus, in total, GS Holistic is entitled to $48,172.00 in damages and costs.

### D. Injunctive Relief

Finally, GS Holistic seeks an order to (1) permanently enjoin Defendants and its agents from importing, exporting, making, manufacturing, reproducing, assembling, using, acquiring, purchasing, offering, selling, transferring, brokering, consigning, distributing, storing, shipping, licensing, developing, displaying, delivering, marketing, advertising, or promoting any counterfeit Stündenglass product; and (2) require the Defendants, at their cost, to deliver to GS Holistic for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of the Stündenglass marks. ECF No. 1 at PageID.19–20. Pursuant to 15 U.S.C. §§ 1116(a) and 1118, the Court will order such relief.

Under the Lanham Act, courts may grant injunctions "according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a [registered mark] or to prevent the violation of any common law trademark rights."15 U.S.C. § 1116(a). To secure permanent injunctive relief, GS Holistic must demonstrate that: "(1) it has suffered irreparable injury; (2) remedies at law are not adequate to compensate for that injury; (3) 'the balance of hardships between the plaintiff and the defendant' weighs in favor

- 13 -

of a permanent injunction; and (3) it is in the public interest to issue an injunction." *616 W.*, 2024 WL 4343445, at *3 (quoting *Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006)). This Court finds that there is no need to hold an evidentiary hearing on this matter because no facts are in dispute. *See Gibson Guitar Corp. v. Paul Reed Smith Guitars, LP*, 423 F.3d 539, 546 (6th Cir. 2005).

As found in the analogous cases in this district involving GS Holistic, this Court finds that GS Holistic is entitled to a permanent injunction against Defendants under the Lanham Act. *See GS Holistic, LLC v. Smokerz Town LLC*, No. 24-12155, 2025 WL 1527740 at *5–6 (E.D. Mich. May 29, 2025); *GS Holistic, LLC v. Big Ape Smokerz, LLC*, No. 23-11907, 2024 WL 3967271, at *5–6 (E.D. Mich. Aug. 28, 2024).[1]

---

[1] Chief Judge Jarbou explains her reasoning thoroughly and succinctly as follows, which this Court adopts:

> GS is entitled to a permanent injunction under the foregoing factors. First, where the owner of a registered trademark has established a violation of its trademark rights, there is a "rebuttable presumption of irreparable harm." 15 U.S.C. § 1116(a). Second, there is no adequate remedy at law for future trademark infringement. *Audi AG*, 469 F.3d at 550–51. Third, the balance of hardships weighs in GS's favor because a permanent injunction would require Defendants to stop sales of only one product among many available in their store. Finally, it is in the public interest to enforce federal trademark law and to prevent consumers from being misled regarding the nature of the counterfeit products purchased from Defendants. Accordingly, the Court will grant the requested injunction….

*616 W.*, 2024 WL 4343445, at *4.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion for Default Judgment, ECF No. 23, is **GRANTED IN PART AND DENIED IN PART**.

Further, it is **ORDERED** that Judgment of Default is **ENTERED** for Plaintiff GS Holistic, LLC and against Defendants Exotic Cloudz 2, Inc., and its owner, Sami Alzokary, jointly and severally, in the amount of $48,172.00.

Further, it is **ORDERED** that Defendants are permanently enjoined from importing, exporting, making, manufacturing, reproducing, assembling, using, acquiring, purchasing, offering, selling, transferring, brokering, consigning, distributing, storing, shipping, licensing, developing, displaying, delivering, marketing, advertising, or promoting any counterfeit Stündenglass product;

Further, it is **ORDERED** that Defendants **SHALL DELIVER** at their cost, to Plaintiff for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of the Stündenglass marks.

Further, it is **ORDERED** that Plaintiff shall serve a copy of this Judgment Order on the Defendants by certified mail, return receipt required, and file a Certificate of Service with this Court regarding the same, within fourteen (14) days of this Order.

**IT IS SO ORDERED.**

**This is a final order and closes the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: March 18, 2026